Gregory E. Price, WSBA 17408
greg@priceinjurylaw.com
Law Office of Gregory E. Price, P.S.
510 E. McLoughlin Blvd.
Vancouver, WA 98663
Phone: (360) 828-5879 Fax: (360) 313-7883

Russell D. Garrett, WSBA 18657
russ.garrett@jordanramis.com
Jordan Ramis PC
1499 SE Tech Center Place, Suite 380
Vancouver, WA 98684
Phone: (360)567-3900 Fax: (360)567-3901

Attorneys for Plaintiff Carrie Kelly

Hon. Mary Jo Heston
Chapter 7

UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

In re,

SCOTT C. MILLER
SHELLY W. MILLER,

                    Debtor(s)
_____

CARRIE KELLY,

                    Plaintiff

        vs.

SCOTT MILLER and SHELLY MILLER,
husband and wife and the marital
community comprised thereof,

                    Defendants.

Case No.: 22-40309-MJH

Adversary No.

**COMPLAINT TO DENY DISCHARGE (11 U.S.C. § 727) AND DETERMINE DISCHARGEABILITY OF DEBT (11 U.S.C. § 523)**

        Plaintiff Carrie Kelly for claims against Defendants Scott C. Miller and Shelly W.

Miller, alleges as follows:

THE LAW OFFICE OF
GREGORY E. PRICE, P.S.
510 E. McLoughlin Blvd.
Vancouver, WA 98663
(360) 828-5879
54949-78955 4869-4128-9518.2

# I.     PARTIES

1.     Plaintiff Carrie Kelly is a resident of Clark County, Washington.

2.     Defendants Scott Miller and Shelly Miller are the debtors in the above-captioned Chapter 7 Bankruptcy case.

# II.     JURISDICTION AND VENUE

3.     This is an adversary proceeding to determine discharge and dischargeability pursuant to 11 U.S.C. § 523 and 11 U.S.C. § 727.

4.     This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 523, and 11 U.S.C. § 727.

5.     This is a core proceeding pursuant to 28 U.S.C. § 157.

6.     As this is a core proceeding arising in a bankruptcy case filed in this district, venue is proper pursuant to 28 U.S.C. § 1409.

# III.     FACTUAL ALLEGATIONS

SEPTEMBER 18, 2019 MOTOR VEHICLE COLLISION

7.     Plaintiff's claims against Defendants arise out of a September 18, 2019 motor vehicle collision that occurred at 5:10 p.m. on NE 109th Avenue, approximately 3/10 of a mile south of NE 58th Street in rural Clark County, 1.5 miles east of Vancouver. Defendant Scott Miller, who was driving a 2014 Hyundai Equus northbound on NE 109th, entered the southbound lane to pass a pickup in a limited passing zone. In doing so, he collided head-on with a southbound 2015 Jeep Patriot driven by Plaintiff Carrie Kelly ("Plaintiff Kelly"). The impact occurred entirely within the southbound lane, which Plaintiff Kelly's vehicle had occupied for a significant period prior to the head-on collision.

THE LAW OFFICE OF
GREGORY E. PRICE, P.S.
510 E. McLoughlin Blvd.
Vancouver, WA 98663
(360) 828-5879
54949-78955 4869-4128-9518.2

8.     On the day of the subject collision, Defendant Scott Miller told the investigating police officer "he attempted to pass the red pickup without clear visibility and did not see [Ms. Kelly's] vehicle." Defendant Scott Miller further informed the investigating police officer, "I couldn't see around the truck."

9.     As a proximate cause of the September 18, 2019 head-on collision, Plaintiff Kelly suffered the following traumatic injuries:

a.   Traumatic brain injury with a subarachnoid hemorrhage of the frontal sulcus, a subdural hemorrhage to the right frontal convexity and scattered parenchymal hemorrhagic contusions to her brain;

b.   Traumatic blunt force dissection of her internal carotid artery;

c.   Seatbelt contusions to her left neck, clavicle and upper chest, lower abdomen, and pelvis;

d.   Torn supraspinatus and labral tendons in her left shoulder that required surgery;

e.   Displaced anterolateral fractures of the right 4th-7th ribs;

f.   Displaced fractures of left transverse processes at L2, L3 and L4;

g.   Severely commuted fracture of the left iliac wing with numerous butterfly fragments;

h.   A Morel-Lavallee lesion extending from the area of the Grade I open puncture wound extending proximally to the level of the superior iliac crest and fracture;

i.   Tibial left plateau fracture;

j.   Left comminuted, segmental proximal fibular head/neck fracture;

k.   Right displaced, comminuted proximal tibia and fibular fractures;

l.   Left ankle ligament injury; and

m.   Right ankle laceration.

10.     As a result of the traumatic injuries, she suffered as a proximate cause of the September 18, 2019 head-on collision, Plaintiff Kelly has undergone five surgeries, and incurred

THE LAW OFFICE OF
GREGORY E. PRICE, P.S.
510 E. McLoughlin Blvd.
Vancouver, WA 98663
(360) 828-5879
54949-78955 4869-4128-9518.2

$309,304.98 in medical expenses through November 3, 2021. Plaintiff Kelly's medical treatment and expenses are continuing to date.

11.    As a direct proximate result of the injuries suffered by Plaintiff Kelly in the September 18, 2019 head-on collision, she has incurred $153,227.97 in lost wages and benefits through May 3, 2022. The lost benefits and wages are continuing to date.

12.    On November 13, 2020, Plaintiff Kelly filed a personal injury lawsuit against Defendants in Clark County Superior Court, Case No. 20-2-02220-06. In the Defendants' Answer filed in that lawsuit, they admitted that "the September 18, 2019 accident occurred on NE 109th Avenue and Plaintiff was driving her vehicle southbound on 109th Avenue and Defendant Scott Miller was driving his vehicle northbound on NE 109th Avenue, when Defendant Scott Miller attempted to pass a slow moving pickup that sped up when Defendant Scott Miller attempted to pass." Defendants further admitted in their Answer the vehicles collided head-on, but they were "without sufficient knowledge or information" to admit the head-on impact occurred in a southbound lane and that the collision was the "proximate result of the negligence of Defendant Scott Miller who was acting on behalf of the marital community, creating liability for the marital community and Defendant Shelly Miller."

13.    In his April 29, 2021 deposition in the Clark County lawsuit described above, Defendant Scott Miller testified that he attempted to pass the northbound truck by driving into the southbound lane of NE 109th Avenue at the crest of a hill with "an unobstructed view of the road in front of me to the end of the road." However, he did not see Plaintiff Kelly's vehicle or any other vehicle in the southbound lane. When Defendant Scott Miller first saw Plaintiff Kelly's southbound vehicle, the collision was inevitable, and the impact occurred.

14.    At the time of the September 18, 2019 head-on collision, Defendant Scott Miller had a "chronic opioid dependency." He admitted in his April 29, 2021 deposition he had taken at least one dose, and possibly two doses, of 5 mg of Methadone on the day of the

COMPLAINT TO DENY DISCHARGE (11 U.S.C. § 727) AND DETERMINE DISCHARGEABILITY OF DEBT
(11 U.S.C. § 523) - Page 4

THE LAW OFFICE OF
GREGORY E. PRICE, P.S.
510 E. McLoughlin Blvd.
Vancouver, WA 98663
(360) 828-5879
54949-78955 4869-4128-9518.2

subject collision. Methadone is approved by the Food and Drug Administration to treat opioid use disorder and pain management. Methadone is a long-acting opioid agonist, Class II narcotic. The side effects include dizziness, lack of alertness, feeling light-headed or faint.

15.     At the Emergency Room following the September 18, 2019 accident, Defendant Scott Miller reported he was dizzy and light-headed, although he did not suffer any head trauma or concussion in the motor vehicle collision. The Emergency Room doctor included in his final diagnosis upon discharge from the hospital, "Dizziness and giddiness."

16.     In his April 29, 2021 deposition, Defendant Scott Miller admitted he likely consumed two 2.5 mg of Norco on September 18, 2019 prior to the head-on collision. Norco is a combination of acetaminophen and hydrocodone. Hydrocodone is an opioid pain medication Class II narcotic. Norco impairs an individual's thinking and reaction time.

17.     In the State of Washington, where the September 18, 2019 accident occurred, it is a crime to control a motor vehicle while affected by drugs. RCW 4.61.502 and 4.61.504.

DEFENDANTS' DECEMBER 2021 DRAFT BANKRUPTCY PETITION

18.     On December 13, 2021, Defendants provided Plaintiff Kelly completed Chapter 7 Bankruptcy Schedules A-J and Official Forms 106 and 107. These completed Bankruptcy Schedules and forms were provided as a condition of the mediation that occurred on December 20, 2021.

19.     In the bankruptcy forms completed by Defendants in December of 2021, they revealed total real estate and personal property valued at $832,316.50, which included cash deposits of $72,726.56 in a Chase Checking Account No. *2424. These schedules also listed bonds, mutual funds, or publicly traded stock accounts of over $15,000, in addition to retirement pension accounts.

COMPLAINT TO DENY DISCHARGE  (11 U.S.C. § 727) AND DETERMINE
DISCHARGEABILITY OF DEBT
 (11 U.S.C. § 523) - Page 5

**THE LAW OFFICE OF
GREGORY E. PRICE, P.S.**
510 E. McLoughlin Blvd.
Vancouver, WA 98663
(360) 828-5879
54949-78955 4869-4128-9518.2

## SETTLEMENT AGREEMENT REACHED ON DECEMBER 20, 2021 MEDIATION

20.     Plaintiff Kelly and Defendants attended an all-day mediation on December 20, 2021. At the conclusion of the mediation, a settlement was signed, and the parties and their attorneys signed a Washington State CR 2A Settlement Agreement. Pursuant to the terms of the CR 2A Settlement Agreement, the Debtors were to pay Plaintiff Kelly $275,000 in cash as follows:

     a.   $100,000 in cash before February 18, 2021; and

     b.   $175,000 payable with interest at the weight of 12% annual and equal monthly installments over a term of ten years, commencing January 1, 2025.

21.     Per the terms of the above-described Settlement Agreement, the Millers were to execute and deliver to Plaintiff Kelly a Deed of Trust securing a Promissory Note for real property, commonly known as 18109 NE 159th Avenue, Brush Prairie, Washington 98606.

22.     Per the terms of the Settlement Agreement, Defendants were to deliver a Promissory Note and Trust Deed to Plaintiff Kelly and the personal injury lawsuit was to be dismissed ten days thereafter.

23.     Defendants refused, after several weeks, to provide the Promissory Note and Deed of Trust or make any payments.

24.     Plaintiff Kelly filed a Motion to Enforce CR 2A Settlement and Entry of Judgment. The hearing was continued from March 4, 2022 to the afternoon of March 17, 2022, upon the motion of Defendants' counsel. The hearing on that motion was cancelled when the Clark County Superior Court case was stayed by Defendants' filing of the Chapter 7 Bankruptcy at 12:16 p.m. on March 17, 2022.

**THE LAW OFFICE OF**
**GREGORY E. PRICE, P.S.**
510 E. McLoughlin Blvd.
Vancouver, WA 98663
(360) 828-5879
54949-78955 4869-4128-9518.2

25.     Plaintiff Kelly reasonably relied upon the representations made by Defendants in signing the CR 2A Settlement Agreement.

26.     Defendants had no intention of performing their duties under the CR 2A Settlement Agreement and their misrepresentations to the contrary were false and caused further delay, allowing Defendants additional time to dissipate their assets, damaging Plaintiff Kelly in an amount to be proven.

DEFENDANTS' CHAPTER 7 PETITION

27.     On March 17, 2022, Defendants filed a Voluntary Chapter 7 Petition ("the Petition") in the Western District of Washington at Tacoma, under Case No. 22-40309-MJH.

28.     Charles D. Carlson was appointed Trustee in the Chapter 7 case (the "Trustee").

29.     Defendants filed schedules of assets and liabilities (collectively, the "Schedules" and each a "Schedule") and a Statement of Financial Affairs (the "SOFA").

30.     The Petition, Schedules, and SOFA filed with the court are hereinafter referred to together as the "Initial Bankruptcy Documents."

31.     Defendants signed the Initial Bankruptcy Documents under penalty of perjury as true and correct.

32.     The Trustee held the initial meeting of creditors on April 13, 2022 (the "Chapter 7 Creditor's Meeting").

33.     Defendant was represented by counsel at the Chapter 7 Creditor's Meeting.

34.     Defendant Scott Miller testified under oath at the Chapter 7 Creditor's Meeting,

**THE LAW OFFICE OF**
**GREGORY E. PRICE, P.S.**
510 E. McLoughlin Blvd.
Vancouver, WA 98663
(360) 828-5879
54949-78955 4869-4128-9518.2

35.     Defendant Scott Miller's testimony at the Chapter 7 Creditor's Meeting included testimony that they had read and signed the Initial Bankruptcy Documents; the information in the Initial Bankruptcy Documents was true, accurate and correct; and the Initial Bankruptcy Documents listed all assets and creditors.

36.     Defendant Scott Miller's testimony at the Chapter 7 Creditor's Meeting also included sworn testimony that the Bankruptcy Schedules A-J and Official Forms provided to Plaintiff Kelly and her counsel through Defendants' attorney on December 13, 2021, were true, accurate and correct.

37.     Defendant Scott Miller's testimony at the Chapter 7 Creditor's Meeting included testimony that no notice was provided to Plaintiff Kelly of the bankruptcy proceedings and the mailings to the Court did not include Plaintiff Kelly or her lawyers.

38.     Defendants' Initial Bankruptcy Documents revealed cash deposits into Chase Bank Account No. ***2424 of $314.66, a reduction of $72,411.90 from the 72,726.56 represented four months earlier.

39.     Defendants' Initial Bankruptcy Documents revealed $528.14 in bonds, mutual funds, or publicly traded stocks, a reduction of $15,142.54 from the $15,670.68 represented four months earlier. The Ethereum & Storij and Bitcoin and Dogecoin revealed in December 2021 were not listed on the Initial Bankruptcy Documents.

## IV.     CLAIMS FOR RELIEF

FIRST CLAIM - NONDISCHARGEABILITY – 11 U.S.C. § 523(a)(9):

40.     Plaintiff incorporates all prior paragraphs as if fully set forth herein.

41.     Plaintiff Kelly's claims arising from the September 18, 2019 motor vehicle collision constitute a nondischargeable debt pursuant to 11 U.S.C. § 523(a)(9) since it is a debt

COMPLAINT TO DENY DISCHARGE  (11 U.S.C. § 727) AND DETERMINE DISCHARGEABILITY OF DEBT
 (11 U.S.C. § 523) - Page 8

**THE LAW OFFICE OF**
**GREGORY E. PRICE, P.S.**
510 E. McLoughlin Blvd.
Vancouver, WA 98663
(360) 828-5879
54949-78955 4869-4128-9518.2

from a personal injury caused by Defendant Scott Miller's operation of a motor vehicle accident when he was under the affect of drugs; specifically, Methadone and Norco, in violation of Washington law.

42.     Plaintiff Kelly is entitled to a nondischargeable judgment against Defendants pursuant to 11 U.S.C. § 523(a)(9) for damages resulting from personal injuries caused by Defendant Scott Miller's operation of a motor vehicle under the affect of drugs in violation of Washington law, including economic damages she incurred and noneconomic damages for all her physical injuries she has suffered in an amount to be proven.

43.     To the extent authorized by this Court and/or applicable law, Plaintiff should be awarded a nondischargeable judgment for damages resulting from personal injuries, including economic damages she incurred and noneconomic damages for all her physical injuries she has suffered in an amount to be proven pursuant to 11 U.S.C. § 523(a)(9) against Defendants for all costs and expenses and further remedies allowed by the Court.

SECOND CLAIM – NONDISCHARGEABILITY – 11 U.S.C. § 523(a)(2)(A)

44.     Plaintiff incorporates paragraphs 1 – 39 above as if fully set forth herein.

45.     The December 20, 2020 Settlement Agreement between Plaintiff Kelly and the Defendants concerning the Clark County Superior Court action, constitutes a nondischargeable debt pursuant to 11 U.S.C. § 523(a)(2)(A) since it is a debt for money arising from false pretenses, false representations, or actual fraud of Defendants, given the representations concerning their financial condition and their willingness to enter an agreement were both false.

46.     To the extent authorized by this Court and/or applicable law, Plaintiff should be awarded a nondischargeable judgment against Defendants pursuant to 11 U.S.C. §

**THE LAW OFFICE OF**
**GREGORY E. PRICE, P.S.**
510 E. McLoughlin Blvd.
Vancouver, WA 98663
(360) 828-5879
54949-78955 4869-4128-9518.2

523(a)(2)(A) for damages in an amount to be proven as a result of the false pretenses, false representations, or actual fraud of Defendants. Such damages include, without limitation, all sums due from the December 20, 2020 Settlement Agreement and incurred due to the additional delay.

### THIRD CLAIM – NONDISCHARGEABILITY - 11 U.S.C. § 727(a)(2)(A)

47.     Plaintiff incorporates paragraphs 1 – 39 above as if fully set forth herein.

48.     Defendants, within one year of filing Defendants' Chapter 7 Petition, transferred, removed, or concealed property of Defendants with the intent to hinder, delay, or defraud a creditor or the Trustee. Defendants' discharge should be denied under 11 U.S.C. § 727(a)(2)(A).

49.     To the extent authorized by this Court and/or applicable law, Plaintiff should be granted an order or judgment denying Debtors' discharge entirely pursuant to 11 U.S.C. § 727(a)(2)(A).

### FOURTH CLAIM – NONDISCHARGEABILITY - 11 U.S.C. § 727(a)(2)(B).

50.     Plaintiff incorporates paragraphs 1 – 39 above as if fully set forth herein.

51.     Defendants, with the intent to hinder, delay, or defraud a creditor or the Trustee, concealed their legal or equitable interests in property and/or the property of the estate by failing to disclose them on their bankruptcy documents, at the meetings of the creditors, or otherwise to the Trustee. Defendants' discharge should be denied under 11 U.S.C. § 727(a)(2)(B).

**THE LAW OFFICE OF**
**GREGORY E. PRICE, P.S.**
510 E. McLoughlin Blvd.
Vancouver, WA 98663
(360) 828-5879
54949-78955 4869-4128-9518.2

52.     To the extent authorized by this Court and/or applicable law, Plaintiff should be granted an order or judgment denying Debtors' discharge entirely pursuant to 11 U.S.C. § 727(a)(2)(B).

FIFTH CLAIM – NONDISCHARGEABILITY – 11 U.S.C. § 727(a)(3).

53.     Plaintiff incorporates paragraphs 1-39 above as if fully set forth herein.

54.     Defendants, without justification, have failed to keep adequate books, records, or other supporting documents to ascertain Defendants' business transactions. Defendants' discharge should be denied under 11 U.S.C. § 727(a)(3).

55.     To the extent authorized by this Court and/or applicable law, Plaintiff should be granted an order or judgment denying Debtors' discharge entirely pursuant to 11 U.S.C. § 727(a)(3).

SIXTH CLAIM – NONDISCHARGEABILITY -- 11 U.S.C. § 727(a)(4).

56.     Plaintiff incorporates paragraphs 1-39 above as if fully set forth herein.

57.     Defendants knowingly and fraudulently made a false oath in connection with their case by failing to disclose material transactions or material facts concerning their financial condition, assets or transactions as set forth in detail herein. Defendants' discharge should be denied under 11 U.S.C. § 727(a)(4).

58.     To the extent authorized by this Court and/or applicable law, Plaintiff should be granted an order or judgment denying Debtors' discharge entirely pursuant to 11 U.S.C. § 727(a)(4).

**PRAYER FOR RELIEF**

1.     On Plaintiffs' First Claim for Relief, for nondischargeable judgment against

**THE LAW OFFICE OF**
**GREGORY E. PRICE, P.S.**
510 E. McLoughlin Blvd.
Vancouver, WA 98663
(360) 828-5879
54949-78955 4869-4128-9518.2

Defendants pursuant to 11 U.S.C. § 523(a)(9) for damages resulting from personal injuries caused by Defendant Scott Miller's operation of a motor vehicle under the affect of drugs in violation of Washington law, including economic damages she incurred and noneconomic damages for all her physical injuries she has suffered in an amount to be proven.

2.      On Plaintiff's Second Claim for Relief, a nondischargeable judgment against Defendants pursuant to 11 U.S.C. § 523(a)(2)(A) for damages in an amount to be proven as a result of the false pretenses, false representations, or actual fraud of Defendants.

3.      On Plaintiff's Third Claim for Relief, Plaintiff should be granted an order or judgment denying Debtors' discharge entirely pursuant to 11 U.S.C. § 727(a)(2)(A).

4.      On Plaintiff's Fourth Claim for Relief, Plaintiff should be granted an order or judgment denying Debtors' discharge entirely pursuant to pursuant to 727(a)(2)(B).

5.      On Plaintiff's Fifth Claim for Relief, Plaintiff should be granted an order or judgment denying Debtors' discharge entirely pursuant to pursuant to 727(a)(3).

6.      On Plaintiff's Sixth Claim for Relief, Plaintiff should be granted an order or judgment denying Debtors' discharge entirely pursuant to pursuant to 727(a)(4) against Defendants in an amount to be proven and for all for all costs and expenses and further remedies allowed by the Court.

7.      For an award of costs and disbursements incurred herein and further relief as deemed by the Court.

8.      For leave to conform the pleadings to the proof presented at trial; and

/ / /

/ / /

/ / /

**THE LAW OFFICE OF**
**GREGORY E. PRICE, P.S.**
510 E. McLoughlin Blvd.
Vancouver, WA 98663
(360) 828-5879
54949-78955 4869-4128-9518.2

1    9.    For such other relief as the Court deems just and equitable.

2    DATED this 12th day of August, 2022.

3                                    LAW OFFICE OF GREGORY E. PRICE, P.S.

4                                    */s/Gregory E. Price*
                                     Gregory E. Price, WSBA #17048
5                                    greg@priceinjurylaw.com
                                     *Of Attorneys for Plaintiff Carrie Kelly*
6

7                                    JORDAN RAMIS PC

8

9                                    */s/Russell D. Garrett*
                                     Russell D. Garrett, WSBA #18657
10                                   russell.garrett@jordanramis.com
                                     *Of Attorneys for Plaintiff Carrie Kelly*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT TO DENY DISCHARGE  (11 U.S.C. § 727) AND DETERMINE
DISCHARGEABILITY OF DEBT
 (11 U.S.C. § 523) - Page 13

THE LAW OFFICE OF
GREGORY E. PRICE, P.S.
510 E. McLoughlin Blvd.
Vancouver, WA 98663
(360) 828-5879
54949-78955 4869-4128-9518.2